UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:

CHERI GILLESPIE, )
ADMINISTRATRIX OF THE )
ESTATE OF KAREN SILEVICZ )
    Plaintiff )
) **COMPLAINT AND DEMAND**
) **FOR TRIAL BY JURY**
vs. )
) 05 CV 11799 JLT
RICHARD L. PAULSON, M.D. )
    Defendant )

MAGISTRATE JUDGE _____

## JURISDICTION OVER THE SUBJECT MATTER

Jurisdiction over the subject matter is conferred by 28 U.S.C. § 1332, Diversity of Citizenship. The plaintiff represents that the parties to this action are citizens of different states viz the deceased, now represented by plaintiff estate was a resident of Connecticut and the defendant being a resident of the Commonwealth of Massachusetts. The amount in controversy exceeds $75,000.

## NATURE OF THE CLAIM

This is an action for medical negligence care on the part of the defendant, RICHARD L. PAULSON, M.D. whose conduct deviated from the standard of acceptable medical practice and to a reasonable medical certainty caused the plaintiff to sustain conscious pain and suffering as well as severe and permanent injuries from which she died in February, 2003.

## THE PARTIES

1.    The Plaintiff, Cheri Gillespie, who is the Administratrix of THE ESTATE OF KAREN SILEVICZ, resides at 9 Kelly Ct, Sandy Hook, Fairfield, CT.

2. The Defendant, Richard L. Paulson, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts with a usual place of business at One Pearl St., Suite 2700, Brockton, MA 02301.

## ALLEGATIONS OF FACT AND DEMAND FOR RELIEF

3. Ms. Cheri Gillespie was appointed the administratrix of the estate of Karen Silevicz in the Plymouth County Probate Court on July 12, 2005.

4. The Plaintiff, Karen Silevicz was under the care of her physician, Dr. Richard Paulson.

5. In February, 2001, the Plaintiff, who had a history of mixed chronic obstructive pulmonary disease and smoking went to see Dr. Coutu in February 2001 at which time she had a chest x-ray which showed chronic pulmonary changes however, there was no evidence of acute pulmonary disease.

6. At some point, a right retroareolar lump was discovered in her breast and multiple mammographies were performed in May, 2001 with a breast ultrasound which revealed two small cysts in retroareolar region of the right breast.

7. In July, 2001 she saw the Defendant, Richard L. Paulson, M.D., who in a letter to Dr. Coutu, stated that this was a follow-up letter on the plaintiff, and that he would arrange for her to undergo right breast biopsy in the near future."

8. A pre-operative chest x-ray was performed at Caritas Good Samaritan Medical Center on July 17, 2001, which showed a 3 cm right lung base density possibly pleural based. A CT scan was recommended to further evaluate this finding.

9. The subject report was faxed to the defendant on Sunday, July 15, 2001 at 12:00 p.m. At the bottom of the report there is language stating "Arrange CT chest, attention RLP 7/16, signature RLP" and a partially legible note 7/16/01 in different handwriting stating "RLP notified, will book CT" and the remainder is illegible.

10. From that point, no further evaluation of the chest lesion was performed although an excision biopsy of the right breast mass was undertaken on July 17, 2001. Surgical pathology biopsy showed benign breast tissue consistent with fibrocystic changes.

11. A review of the Defendant's records reveals that there was an abnormal pre-operative chest x-ray faxed to his office on July 15, 2001. The records further state: "Patient having breast biopsy on July 17, 2001, RLP notified. Chest CT advised, not scheduled at present. Signed M.J. A post-op phone call on July 18, 2001, doing well, wound care reviewed."

12. On July 11, 2002, the Plaintiff was seen next by Dr. Coutu for an annual examination. She had not been seen in fifteen months. A routine followup colonoscopy was advised. A 3-4 cm cyst in the right breast was noted and a followup mammography and followup visit with the Defendant was advised.

13. On October 17, 2002, the Plaintiff presented to the Emergency Room at Caritas Good Samaritan Hospital with four days of frontal facial headaches, different from migraines. The Plaintiff was determined to have stage IV undifferentiated carcinoma of the lung, non-small cell type with metastases to the brain.

14. The Plaintiff expired from the disease in February, 2003.

## COUNT I NEGLIGENCE, CONSCIOUS PAIN & SUFFERING AGAINST THE DEFENDANT, RICHARD L. PAULSON , M.D.

15. The Plaintiff incorporates by reference paragraphs 1 through 14 and realleges the same as if stated herein.

16. The Defendant breached the standard of care by failing to follow up an abnormal chest x-ray. Had the follow-up been undertaken in July, 2001 a curative attempt could have been undertaken and, given the fact that there is a significant survival during stage I and stage II, even stage III, of non-small cell lung cancer, the Plaintiff's chances for survival would have been increased to a reasonable medical certainty.

17. As a result of the failure to act, the Plaintiff's lung carcinoma metastasized to the brain and in February, 2003, she died; however, prior to doing so, she incurred significant conscious pain and suffering.

WHEREFORE, the Plaintiff, the Estate of KAREN SILEVICZ demands judgment against the Defendant, RICHARD L. PAULSON, M.D. in an amount that will adequately compensate her for her serious injuries, significant medical expenses and great pain of body and mind, specifically, conscious pain and suffering, plus costs, interest and attorney's fees and such other relief as this court deems just and proper.

## COUNT II AGAINST RICHARD L. PAULSON, M.D.
## WRONGFUL DEATH (GL. 229, Section 2)

18. Plaintiff Cheri Gillepie, the executor and representative of the Estate of Karen Silevicz realleges the allegations of Paragraphs 1 through 17 supra, and incorporates them by reference as if originally stated herein.

19. Vitold M. Silevicz, Jr. is the next of kin or spouse of the decedent.

20. The Defendant, by his negligence caused the death of Karen Silevicz through, inter alia, breach of the standard of care by failing to follow up an abnormal chest x-ray. As a direct and proximate result of the Defendant's conduct, Karen Silevicz experienced conscious pain and suffering and eventually, death.

21. As the decedent passed away on February 4, 2003, this action is timely and brought within the two (2) years since the date of death.

WHEREFORE, the Plaintiff, Cheri Gillespie on behalf of the ESTATE OF KAREN SILEVICZ respectfully demands judgment for WRONGFUL DEATH against the Defendant, RICHARD L. PAULSON, M.D. and requests that this Court award damages pursuant to G.L.c. 229, Section 2, with interest, and all such other relief this Court deems just and equitable.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY UPON ALL ISSUES HEREIN.**

                                 The Plaintiff,
                                 By her Attorney,

                                 */s/ Thomas A. Kenefick, III*
                                 THOMAS A. KENEFICK, III, ESQ.
                                 BBO# 267620
                                 Law Office of Thomas A. Kenefick, III
                                 73 Chestnut St.
                                 Springfield, MA 01103
                                 413-734-7000

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cherie Gillespie, Administratrix of the Estate of Karen Silevicz

## DEFENDANTS
Richard L. Paulson, MD

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Fairfield Cty, CT.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth Cty, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas A. Kenefick, III, Esq.
73 Chestnut St.
Springfield, MA 01103

ATTORNEYS (IF KNOWN)
05 11799 JLT

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This case involves diversity of citizenship 28 U.S.C. sec. 1332 and involves personal injury/medical malpractice arising out of the defendant's deviation from the standard of acceptable medical practice.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/26/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

TOTAL P.02

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Cherie Gillespie, Administratrix of the Estate of Karen Silevicz v. Richard L. Paulson, M.D.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    05cv11799 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). Plymouth Probate and Family Court Docket #03P1961-AZ1, See also AD1

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☐

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Plymouth County

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐   OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐   OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Thomas A. Kenefick, III, Esq.
ADDRESS  73 Chestnut St., Springfield, MA  01103
TELEPHONE NO.  413-734-7000

(Category Form.wpd - 3/28/2000)